UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARCO GROUP, INC. and PONJEB V,
L.L.C.,

                        Plaintiffs,

             -against-

DREW MACONACHY,

                     Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
CV 05-6038 (ARL)

**LINDSAY, Magistrate Judge:**

      This action arose out of the breach of an employment agreement and asset purchase

agreement between plaintiffs, Carco Group, Inc.("Carco") and Ponjeb V, L.L.C ("Ponjeb")

(collectively "Carco" or "plaintiffs") and defendant Drew Maconachy ("Maconachy") concerning

Carco's purchase of a private investigation firm of which Maconachy was a principal.  On April

29, 2009, following a bench trial, the undersigned found in favor of plaintiffs on their breach of

contract and faithless servant claims and entered judgment against Maconachy in the amount of

$901,645 under Carco's breach of contract claims and $889,711 under Carco's breach of

fiduciary duty claims, for a total award of $1,791,356, plus attorneys' fees, prejudgment interest

and a declaratory judgment.  By decision dated July 6, 2010, the Second Circuit affirmed the

judgment as to the breach of contract and faithless servant claims, but vacated the judgment as to

the breach of contract damages award and remanded the case solely to recalculate damages

awarded, if any, under Carco's breach of contract claims.  On remand, by Memorandum and

Order dated July 19, 2011, the undersigned awarded Carco damages in the amount of

$571,506.85 under its breach of contract claims, directed Carco to submit an affidavit(s) detailing

its attorneys' fees and directed Maconachy to submit any objections to the calculation of attorneys' fees.  Carco now requests an award of legal fees, costs, and disbursements in the amount of $4,048,324.24 as well as prejudgment interest on the award.  Maconachy opposes the application in its entirety.

For the reasons set forth below, the court awards Carco attorneys' fees in the amount of $1,499,613.41 and costs in the amount of $327,044.76, for a total award of $1,826,658.17.

## BACKGROUND

The factual background to this action is set forth in the undersigned's Opinion and Order, dated April 21, 2009, *Carco Group, Inc. v. Maconachy*, 644 F. Supp. 2d 218 (E.D.N.Y. 2009); the Second Circuit's July 10, 2010 Amended Summary Order, *Carco Group, Inc. v. Maconachy*, 383 Fed. Appx. 73 (2d Cir. 2010); and the undersigned's Memorandum and Order, dated July 19, 2011, familiarity with which is assumed.  The Circuit did not disturb the factual findings in the underlying Opinion and Order dated April 21, 2009 and accordingly the court incorporates them in the within decision.  *See In re M/V DG Harmony*, No. 98 Civ. 8394 (DC), 2009 WL 3170301, at *1 (S.D.N.Y. Sept. 30, 2009).

The procedural history with respect to the application is as follows.  On April 21, 2009, the court found in favor of Carco on its breach of fiduciary duties and breach of contract claims and awarded damages.  In addition, the court determined that Carco was entitled to an award of attorneys' fees and costs under the terms of the asset purchase agreement and directed Carco to submit an affidavit detailing its attorneys' fees no later than May 5, 2009.  Carco timely submitted the requisite proof in support of its fee award.  On May 6, 2009, the court stayed further briefing on the issue of attorneys' fees until resolution of Maconachy's anticipated appeal

2

to the United States Court of Appeals for the Second Circuit.  Following Maconachy's appeal, on July 2, 2010, the Second Circuit affirmed this court's findings against Maconachy on liability and remanded for a recalculation of damages on the breach of contract claims.  On July 19, 2011, the court awarded Carco damages on the breach of contract claims and directed Carco to submit an affidavit(s) detailing its attorneys' fees no later than August 3, 2011.  Carco timely submitted the requisite proof in support of its fee award.[1]  Maconachy sought a stay of further briefing on the issue of attorneys' fees pending his anticipated appeal to the Second Circuit, or in the alternative an extension of time to oppose plaintiffs' fee application.  By Order dated August 15, 2011, the court denied the motion for a stay and directed Maconachy to file his objections to plaintiffs' motion for attorneys' fees on or before September 19, 2011.  Maconachy timely filed his objections to Carco's fee application.

## DISCUSSION

Carco seeks reimbursement of legal fees, costs and disbursements in the amount of $4,048,324.24 plus pre-judgment interest on its legal fees, costs and disbursements in the amount of $1,150,565.83 for a total amount of $5,198,890.07.[2]  Maconachy opposes the application asserting that Carco is not entitled to any attorneys' fees and, in the alternative, plaintiffs' fee

---

[1]On May 6, 2009, Carco filed proof of attorneys' fees, costs and disbursements plaintiffs paid through May 5, 2009 and requested the court to award legal fees, costs and disbursements in the total amount of $3,134,662.58.  On August 3, 2011, Carco filed proof of the attorneys' fees, costs and disbursements plaintiffs paid in the amount of $908,672.86 since its prior fee application on May 5, 2009 and now requests the court to award legal fees, costs and disbursements in the total amount of $4,048,324.24 and to also award prejudgment interest on its fees, costs and disbursements in the amount of $1,150,565.83.

[2]As a contractual matter, the undersigned determined in its prior Opinion and Order, that Carco is entitled to recover reasonable attorneys' fees and costs under of the Asset Purchase Agreement ("APA").

requests must be severely discounted for its lack of success and failure to comply with proper billing and fee petition standards.

**(A)      Attorneys' Fees**

Under New York[3] law, "when a contract provides for attorneys' fees, the court must order the losing party to pay the amount actually incurred, so long as those amounts are reasonable." *Chinatrust Bank (U.S.A.) v. Pinter*, No. 04-CV-5331 (SLT)(KAM), 2008 WL 2987152, at *2 (E.D.N.Y. July 31, 2008).  "Thus, in addressing a contractual claim for attorneys' fees a court must determine what constitutes a reasonable amount of fees." (internal quotation marks and citation omitted).  Courts in this Circuit employ a "presumptively reasonable fee" standard to determine the amount to award as attorneys' fees, *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182,184 (2d Cir. 2008), which "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively," *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted).  In "asking what a reasonable, paying client would do, a district court best approximates the workings of today's market for legal services."  *Arbor Hill*, 522 F.3d at 192; *see McDaniel v. County of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) (a presumptively reasonable fee represents an approximation of "what a competitive market would bear").  In order to reach the presumptively reasonable fee, the court assesses "case-specific considerations at the outset, factoring them into its determination of a reasonable hourly rate for the attorneys' work," which is then multiplied by a reasonable

---

[3]Inasmuch as jurisdiction in this case is premised on diversity, and plaintiffs rely on New York law in its submissions, the court will apply the law of the forum state, New York.  *See Conn. Indem. Co. v. 21st Century Transport Co.*, 186 F. Supp. 2d 264, 269 (E.D.N.Y. 2002).

number of hours expended by counsel.  *McDaniel*, 595 F.3d at 420.  Case-specific considerations

include, among others, the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488

F.2d 714, 717-19 (5ᵗʰ Cir. 1974)[4].  *See Arbor Hill*, 522 F.3d at 192.   In considering these case-

specific factors, the court approximates the market rates "prevailing in the community for similar

services of lawyers of reasonably comparable skill, experience, and reputation."  *Cruz v. Local*

*Union No. 3 of IBEW*, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks and citation

omitted); *see 1ˢᵗ Bridge, LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401 (NGG) (MDG),

2010 WL 4608326, at *5 (E.D.N.Y. July 13, 2010).   In the context of a contractual claim, "[i]t is

appropriate for a court to consider the amount of fees requested in relation to the amount of

damages at stake in the litigation," unless "the benefits of the litigation reached far beyond the

amount sought in the immediate suit, such as in cases where there are transcending principles

involved."  *Regan v. Conway*, 768 F. Supp. 2d 412, 417-19 (E.D.N.Y. Mar. 14, 2011) (internal

quotation marks and citations omitted).  That being said, however, "[a]n appropriate award of

attorneys' fees is not a science, of course, and is not susceptible to exacting precision."  *Concrete*

*Flotation Sys., Inc. v. Tadco Const. Corp*, No. 07-CV-319 (ARR)(VVP), 2010 WL 2539771, at

*8 (E.D.N.Y. Mar. 15, 2010).  "Judges should use their experience with the case, as well their

---

[4]Those factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (3) the level of skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorney; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Id.*   "The most critical factor in the district court's determination of what constitutes reasonable attorney's fees in a given case is the degree of success obtained by the plaintiff."  *Barfield v. New York City Health and Hosps. Corp.,* 537 F.3d 132, 152 (2d Cir. 2008) (internal quotation marks and citation omitted).

experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Fox Indus., Inc. v. Gurovich*, No. CV 03-5166 (TCP) (WDW), 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (internal quotation marks and citation omitted).

**(1)    Hourly Rates**

The "presumptively reasonable fee" standard uses the hourly rates employed in the district in which the reviewing court sits, unless the party seeking fees "persuasively establish[es] that a reasonable client would have selected out-of-district counsel because doing so would likely (not just possibly) produce a substantially better net result." *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009) (internal quotation omitted).  Moreover, the fee application must be determined using current rates.  The Supreme Court held in *Missouri v. Jenkins,* 491 U.S. 274 (1989), that "[a]n adjustment for delay in payment is . . . an appropriate factor in the determination of what constitutes a reasonable attorney's fee," because "compensation received several years after the services were rendered – as it frequently is in complex civil rights litigation – is not equivalent to the same dollar amount received reasonably promptly as the legal services are preformed." *Id.* at 283-84.  Citing to the language above, the Second Circuit held that to "adjust[] for delay," the "rates used by the court should be 'current rather than historic hourly rates.'" *Lochren v. County of Suffolk,* 344 Fed. Appx. 706 (2d Cir. Sept. 3, 2009).   In recent years, courts in this district have approved hourly fee rates in the range of $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants. *See Szczepanek v. Dabek,* No. 10 CV 2459 (SJF)(ARL), 2011 WL 846193, at *8 (E.D.N.Y. Mar. 7, 2011) (surveying cases and stating recent prevailing hourly rates in the Eastern District are between $200 and $400 for partners, $100 and $295 for associates, and $70 and $80 for legal

6

assistants); *Pennacchio v. Powers*, No. 05 CV 985 (RRM)(RML), 2011 WL 2945825, at *1 (E.D.N.Y. July 21, 2011) (same); *Toussi v. County of Suffolk,* No. CV 01-6716 (JS)(ARL), 2011 WL 2173870, at *2 (E.D.N.Y. May 31, 2011) (awarding $450 for partner with 34 years of experience, $400 for partner with 17 years of experience, $350 for attorney with 14 years of experience, and $300 for attorney with 6 years of experience); *Thorsen v. County of Nassau*, No. CV 03-1022 (ARL), 2011 WL 1004862, at *6-7 (E.D.N.Y. Mar. 17, 2011); *see also Pita v. Tulcingo Car Service, Inc.*, No. 10-CV-0481 (DLI) (JO), 2011 WL 1790833, at *9 (E.D.N.Y. Apr. 7, 2011) (reviewing cases and observing fee awards in this district in recent years have approved hourly rates of $200 to $400 for partners and $100 to $295 for associates).  As the instant case did not pose a particularly novel or complex question of law warranting a heightened hourly fee award, but involved a straight forward breach of an asset purchase agreement and an accompanying employment agreement wherein the seller continued on as an employee of the purchaser, the court is guided by the prevailing hourly rates set forth in these decisions.

Carco seeks an award of fees from (a) Paul, Hastings, Janofsky & Walker LLP ("Paul Hastings"); (b) Edward F. Cunningham, Esq.; (c) Carter Ledyard & Milburn, LLP ("Carter Ledyard"); (d) Farrell Fritz, P.C. ("Farrell Fritz"); (e) DOAR Litigation Consulting, (f) Tina Coles , and (g) MSG Accountants, Consultants and Business Valuators.  Each fee request will be addressed in turn.

### (a)     Paul, Hastings, Janofsky & Walker LLP

Carco seeks an award of fees of $206,927.99 for Samuel D. Rosen and George L. Graff of Paul Hastings, each billing at an hourly rate of $575 to $590.  The fees were incurred in 2001 and 2002, three to four years prior to the commencement of this lawsuit.  Carco cites no cases in

support of the request, *see Cruz,* 34 F.3d at 1160 (burden is on the moving party to show the requested fees are reasonable), states that it attempted to contact Mr. Rosen for preparation of an affidavit in connection with this application but was unable to determine his current whereabouts, and asserts that the proposed rates of the firm Paul Hastings for legal services provided to plaintiffs in connection with Maconachy's performance issues prior to the commencement of the within action are reasonable.  (Tannenbaum Decl., filed May 5, 2009, ¶¶ 5-11.)   The invoice entries for Paul Hastings, however, are vague, do not sufficiently describe the nature of the task performed, and fail to indicate how any of the fees generated relate to the success of plaintiffs in the instant action.  Accordingly, finding the activities performed in 2001 and 2002 to be too remote in time from the date on which this action was commenced to be included in the award for attorneys' fees, Carco's application for an award of fees (and/or costs) for services rendered by Paul Hastings is denied. *Cf. National Ass'n for Specialty Food Trade, Inc. v. Construct Data Verlag AG*, No. 04 Civ. 2983 (DLC)(KNF), 2006 WL 5804603, at *5 (S.D.N.Y. Dec. 11, 2006).

### (b)    Edward F. Cunningham, Esq.

Carco seeks an award of fees of $225,101.46 for Edward F. Cunningham, billing at an hourly rate of $100.  Mr. Cunningham was admitted to practice law in the State of New York in 1978, was a former Supervisory Special Agent for the Federal Bureau of Investigation, and has been in private practice since 1993.  (Cunningham Decl., filed August 3, 2011, ¶¶ 1-12; Cunningham Decl., filed  May 5, 2009, ¶¶ 1-7.)  The court finds the hourly fee sought to be reasonable and awards an hourly fee of $100 for Mr. Cunningham.

### (c)    Carter Ledyard & Milburn, LLP

Carco seeks an award of fees for the services of Carter Ledyard, former counsel of record

8

for plaintiffs, based on the hourly rate of $515 to $535 for partner Gary D. Sesser.  Although Carter Ledyard is a Manhattan-based firm, Carco has failed to show why out-of-district counsel would have produced a substantially better result. Moreover, although Gary D. Sesser has submitted a declaration and states that he was a partner at the firm, (Sesser Decl., filed  May 5, 2009, ¶¶ 1-8), Carco has provided no information concerning the his professional background, expertise or experience to justify the rates it seeks.  *See, e.g., Artemide Inc. v. Spero Elec. Corp.*, No. CV 09-1110 (DRH)(ARL), 2010 WL 5452075, at *4 (E.D.N.Y. Nov. 23, 2010) (where plaintiffs failed to provide any biographical information concerning attorney except for one sentence stating attorney is shareholder in firm and primary attorney in the case, court reduced attorney's requested rate); *Protection One Alarm Monitoring, Inc. v. Executive Prot. One Sec. Serv., LLC*, 553 F. Supp. 2d 201, 209 (E.D.N.Y. 2008) ("Where the moving party fails to provide information on the attorneys' and paralegals' backgrounds and experience, courts have used their discretion to award fees at a rate lower than requested").  In short, Carco has failed to provide sufficient information to show that its requested hourly rate for Mr. Sesser, constitutes the rate a reasonable client would be willing to pay in a competitive market under all of the relevant circumstances.  In the absence of sufficient background information, the court looks for guidance to similar cases in this district.  For actions in this district involving contractual matters, attorneys' fees have been approved in the range of  $200 to $250 for partners. *See Bank of America v. Viders*, No. CV 10-0025 (DRH)(ARL), 2011 WL 4527419, at *3 (E.D.N.Y. July 26, 2011); *see BH99 Realty, LLC v. Qian Wen Li*, No. 10-CV-0693 (FB) (JO), 2011 WL 1841530, at *6 (E.D.N.Y. Mar. 16, 2011) (reducing claimed hourly rates to $250 for partner).  Based on this precedent as well as the prevailing hourly rates in this district in other contexts the court awards

9

an hourly rate of $250 for partner Gary D. Sesser.

Carco also seeks an award of fees for the services of Carter Ledyard based on the following hourly rates: (i) $475 for Judith A. Lockhart; (ii) $300 to $350 for Kenneth S. Levine; (iii) $260 for Michele Abraham; (iv) $160 for Anthony Malaspina; (v) $185 for Dennis J. Murphy; (vi) $575 for James E. Abbott; (vii) $425 for Richard Horne; (viii) $190 for Joseph E. Mulvihill and Laura A. Reeds; (ix) $575 for Lawrence F. Carnevale; and (x) $600 for John J. Walsh.   It is impossible to determine whether these rates are reasonable when Carco has not provided any information concerning these individuals' positions at Carter Ledyard, their professional backgrounds, expertise, or experience.   Given the deficiencies in the application and the lack of a declaration or affidavit concerning these individuals, the court, in its discretion, declines to award attorneys' fees for these individuals.   *See Lochren v. County of Suffolk,* No. CV 01-3925 (ARL), 2010 WL 1207418, at *3 (E.D.N.Y. Mar. 23, 2010); *cf. Green v. City of New York*, 05-CV-429 (SLT)(ETB), 2010 WL 148128, at *11 (E.D.N.Y. Jan. 14, 2010) (recognizing that in the absence of adequate biographical information, courts have reduced requested rates or have disallowed fees altogether).

### (d)     Farrell Fritz, P.C.

Carco seeks an award of fees for the services of Farrell Fritz, lead counsel of record for plaintiffs, based on the following hourly rates for the three principal attorneys handling this case: (i) $425 to $550 for partner James W. Wicks (21 years of experience); (ii) $220 to $375 for associate Franklin C. McRoberts (5 years of experience); and (iii) $275 for associate Sandra Cirincione (3 years of experience).   (Wicks Decl., filed August 3, 2011, ¶¶ 1-98; Wicks Decl., filed  May 5, 2009, ¶¶ 1-47.)   In addition, Carco seeks the following hourly rates for attorneys

(and paralegals and clerks) who assisted with discrete issues (and worked on this action) during the litigation: (i) $425 to $725 for partners; (ii) $200 to $395 for associates; and (iii) $100 to $270 for paralegals and clerks.  (*Id*.)  Carco has submitted (i) detailed contemporaneous time records and documentation regarding the three principal attorneys' backgrounds and expertise and (ii) detailed contemporaneous time records for the additional attorneys' (and paralegals' and clerks') who assisted in this litigation and reference to a website for biographical information regarding the attorneys' qualifications.  (*Id*.)

Although the three principal attorneys (and additional attorneys and paralegals/clerks) who provided services to Carco are accomplished attorneys and did a thorough and ultimately successful job, the claimed hourly rates do not fall squarely within the range of rates that courts in this district have approved for similar work by law firm partners, associates and paralegals. With respect to the principal partner in this case, Mr. Wicks, there is no question that Carco benefitted greatly from having a skilled counsel with significant experience in business and commercial litigation represent it.  However, the court finds that the current hourly rate for an attorney with Mr. Wick's experience should be $425.  With respect to the principal associates, the court finds that the current hourly rate in this district for an attorney with Mr. McRobert's experience should be $300 and that the requested hourly rate of $275 is reasonable for Ms. Cirincione.

With respect to the 28 other attorneys who worked on this case, Carco did not provide any biographical information and instead invited the court to visit the firm's website to research their backgrounds.  Plaintiffs apparently chose this course because of the minimal role played by each attorney in this group.  The court, however, declines plaintiffs' invitation to undertake this

11

research on their behalf.  However, in an attempt to be fair the court has scanned the firm's

website simply to differentiate between partners and associates in this group.  Accordingly, the

court finds that, with one exception, an hourly rate of $250 is appropriate to adopt for the

partners who worked on this case and an hourly rate of $150 is reasonable to adopt for the

associates collectively.  *Cf. Viders*, 2011 WL 4527419, at *3; *BH99 Realty, LLC*, 2011 WL

1841530, at *6.  Because the court is familiar with the background, years of practice, experience

and expertise of former Second Circuit Judge George C. Pratt, who is also part of this group, the

court awards an hourly fee of $450 for his services as Special Counsel.  For the paralegals and

clerks that worked on this case, the appropriate hourly rate is $100 per hour.

### (e)  DOAR Litigation Consultants

Carco seeks reimbursement from DOAR Litigation Consultants ("DOAR") for litigation

support services in preparation for trial from seventeen individuals at an hourly rate of $225 to

$375.  "Lawyers often use litigation support specialists and receive reimbursement for such

services when awarded attorneys' fees."  *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03 Civ.

1548 (GBD)(AJP), 2008 WL 4613752, at *16 (S.D.N.Y. Oct. 17, 2008); *see In re Visa*

*Check/Mastermoney Antitrust Litig.*, 297 F. Supp. 2d 503, 525 (E.D.N.Y. 2003) (following the

"common practice in this circuit of granting expense requests" for the costs of "litigation and trial

support services"), *aff'd* 396 F.3d 96 (2d Cir. 2005).  Carco has not provided any information on

the individuals background or experience, and merely states that the DOAR fees in connection

with this litigation are reasonable.  (Tannenbaum Decl., filed May 5, 2009, ¶¶ 31-34.)  Plaintiffs'

use of DOAR's trial technology consultants' services appear reasonable and DOAR's presence at

trial served the equivalent of additional litigation support staff.  As such, the court considers rates

currently being awarded in the Eastern District for consultants and litigation support staff and awards an hourly rate of $100 to approximate the litigation support staff and consultant's rate commonly accepted in this district. *See Toussie*, 2011 WL 2173870, at *2 (reducing claimed hourly rate of $320 for litigation support and technical consultants to $100); *see also J.S. Nicol, Inc.*, 2008 WL 4613752, at *16 (reimbursing attorneys' for use of trial consultant for technological assistance at a paralegal or litigation support rate in the district).

  **(f)  Tina Cole**

  Carco seeks an award of fees of $168,178.67 based on an hourly rate of $40.00 to $40.40 for the paralegal services of Tina Cole in connection with this action. Although the court finds the hourly fee sought to be reasonable, the billing records fail to provide a description of the majority of the work she performed. Moreover, at the time Ms. Coles provided her services, Farrell Fritz had eight paralegals billing over the same time period. Accordingly, given the vagueness of Ms. Coles' time entries, the amount of work performed in this relatively straightforward contractual matter, and to account for the redundancy, the court declines to award fees (and/or costs) for services rendered by Ms. Coles, including her mystifying expense claim for over $50,000 in babysitting fees. *See Pennacchio v. Powers,* No. 05 CV 985 (RRM)(RML), 2011 WL 2945825, at *1 (E.D.N.Y. July 21, 2011)*; cf. Empire State Carpenters Welfare, Pension, Annuity, Apprenticeship Charitable Trust, Labor Management Cooperation and Scholarship Funds v. De Cap Installations & Construction Co.*, No. CV. 10-14 (ADS)(ARL), 2011 WL 1044463, at *2 (E.D.N.Y. Feb. 14, 2011).

  **(g)  MSG Accountants, Consultants and Business Valuators**

  Carco seeks an award of fees on an hourly rate of $350 for the accounting services of

Mark S. Gottlieb, a principal of MSG Accountants, Consultants and Business Valuators ("MSG

Consultants"), in connection with this action.  In addition, Carco seeks an award of fees on an

hourly rate of $150 to $200 for associates and $75 to $95 for clerks within the firm.  As a non-

lawyer, Mr. Gottlieb's (and his associates') assistance to the plaintiffs' attorneys is in the nature

of a consultant.  Aside from Mr. Gottlieb's declaration that he has been licensed to practice as a

certified public accountant since 1987 and has an expertise in forensic accounting and valuation,

(Gottlieb Decl., ¶¶ 1-12), Carco has not provided any further information about his qualifications

(or his associates), the going market rate for the work performed or any other basis to

demonstrate the reasonableness of the requested fee.  Carco has not provided any legal authority

in support of the requested fees and merely states that the proposed rates of MSG Consultants for

accounting services to assist Carco in post-judgment asset discovery in understanding

defendant's finances are reasonable.  (Tannenbaum Decl., dated August 3, 2011, ¶¶ 22-24.)   In

the absence of such information, the court considers rates currently being awarded in the Eastern

District for consultants, and awards an hourly rate of $100 for the consultants' services.  *See*

*Toussie,* 2011 WL 2173870, at *2.

        **(2)    Hours Expended**

       "In calculating the number of reasonable hours, the court looks to its own familiarity with

the case and its experience with the case and its experience generally as well as to the evidentiary

submissions and arguments of the parties."  *Clark v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)

(internal quotation marks and citation omitted). The plaintiff must show contemporaneous time

records, detailing, "for each attorney, the date, the hours expended, and the nature of the work

done."  *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir.

14

1983). The Court must assess the reasonableness of the time expended and adjust those portions of an invoice that reflect "excessive, redundant or otherwise unnecessary" hours. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "If the court determines that the number of hours expended was excessive, redundant or otherwise unnecessary, the court may make reductions to individual entries, or elect to account for such over-billing in an across-the-board percentage deduction." *Manzo v. Sovereign Motors Cars., Ltd.*, No. 08-CV-1229 (JG)(SMG), 2010 WL 1930237, at *8 (E.D.N.Y. May 11, 2010) (internal quotation marks and citation omitted). "The Court is not, however, required to set forth item-by-item findings concerning what may be countless objections to individual billing items." *Regan*, 768 F. Supp. 2d at 418.

The court has reviewed the records submitted by Mr. Cunningham and the attorneys and support staff at Carter Ledyard and Farrell Fritz who represented the plaintiffs over the course of the last six years. Carco submitted (i) the declaration of Edward F. Cunningham and contemporaneous itemized bills for legal services rendered by plaintiffs' counsel Mr. Cunningham (Cunningham Decl., filed August 3, 2011, Exh. 7; Cunningham Decl., filed May 5, 2009, Exh. B); (ii) the declaration of Gary D. Sesser and contemporaneous itemized bills for legal services rendered by plaintiffs' counsel, Carter Ledyard, (Sesser Decl., filed May 5, 2009, Exh. C); and (iii) the declaration of James M. Wicks and contemporaneous itemized bills for legal services rendered by plaintiffs' counsel, Farrell Fritz, (Wicks Decl., filed May 5, 2009, Exh. D; Wicks Decl., dated August 3, 2011, Exhs. 1-3). The level of detail set forth in the records is sufficient to meet the requisite standard.

That being said, however, in determining the reasonableness of the time spent, the court finds that the number of hours spent by plaintiffs' counsel and support staff to be excessive and

in certain instances duplicative.  While the plaintiffs' counsel have worked diligently and assiduously on this lawsuit, plaintiffs have not justified the need to have retained Carter Ledyard's twelve professionals (for the first six months), Farrell Fritz's forty-six professionals, and Mr. Cunningham to work on the case to represent Carco.  At any given time, Farrell Fritz had between sixteen and twenty-two professionals working on the case.  During the trial period in the summer 2008, Farrell Fritz had five partners, three associates and eight paralegals billing over this same time, as well as the professional services of Mr. Cunningham and the additional seventeen DOAR consultants.  Moreover, billing entries reflect that multiple attorneys reviewed, drafted and/or edited documents.  (Ahren Decl., filed September 19, 2011, Exhs. E-G.)   The billing records also reflect time spent by collaborating lawyers, including the reviewing of documents by current counsel to understand the case which had already been done once by former counsel, Carter Ledyard.  Hence, taking into account the above considerations and on the basis of the nature of the case, the overstaffing, and the inclusion of duplicative hours worked, the court will exercise its discretion and reduce the number of overall hours by 25%.  *See New York State Ass'n of Retarded Children*, 711 F.2d at 1146 (noting that courts have "endorsed percentage cuts as a practical means of trimming fat from a fee application"); *see also Lochren,* 344 Fed. Appx. at 709 (finding no abuse of discretion where "district court applied a 25% across-the-board reduction in fees because plaintiffs overstaffed the case, resulting in the needless duplication of work and retention of unnecessary personnel"); *Concrete Flotation Sys.*, 2010 WL 2539771, at *8 (reducing the compensable hours for each category of professionals by 25% in a breach of contract case in order to account for excessive or duplicative hours billed by 14 different legal personnel).

16

As such the reasonable amounts incurred by the attorneys (and professionals) for the respective firms for legal services rendered are as follows:

| (a) Edward F. Cunningham, Esq. | Rates | Hours | Amount | |
|---|---|---|---|---|
| Edward Cunningham | $100 | 2,143.02 | $ | 214,302.00 |
| Less 25% reduction: | | | $ | 53,575.50 |
| Total: | | | $ | 160,726.50 |

| (b) Carter Ledyards Attorneys | Rates | Hours | Amount | |
|---|---|---|---|---|
| Gary D. Sesser | $250 | 86.75 | $ | 21,687.50 |
| Judith Lockhart[5] | $  0 | | | |
| Kenneth S. Levine | $  0 | | | |
| Michele Abraham | $  0 | | | |
| Anthony Malaspina | $  0 | | | |
| Dennis J. Murphy | $  0 | | | |
| James E. Abbott | $  0 | | | |
| Richard Horne | $  0 | | | |
| Joseph E. Mulvihill | $  0 | | | |
| Laura A Reeds | $  0 | | | |
| Lawrence Carnevale | $  0 | | | |
| John J. Walsh | $  0 | | | |
| Subtotal: | | | $ | 21,687.50 |
| Less 25% reduction: | | | $ | 5,421.87 |
| Total: | | | $ | 16,265.63 |

| (c) Farrell Fritz Attorneys | Rates | Hours | Amount | |
|---|---|---|---|---|
| James M. Wicks | $425 | 1636.50 | $ | 695,512.50 |
| Sandra Cirincione | $275 | 433.90 | $ | 119,322.50 |
| Franklin C. McRoberts | $300 | 2058.70 | $ | 617,610.00 |
| Stephen F. Melore | $250 | 9.30 | $ | 2,325.00 |
| Eric W. Penzer | $250 | .50 | $ | 125.00 |
| Stephen N. Davi | $150 | 1.00 | $ | 150.00 |
| Nina Petraro | $150 | 14.90 | $ | 2,235.00 |
| Andre P. Rodriguez | $150 | 47.70 | $ | 7,155.00 |

---

[5] The court will not award attorneys' fees for Judith A. Lockhart, Kenneth S. Levine, Michele Abraham, Anthony Malaspina, Dennis J. Murphy, James E. Abbott, Richard Horne, Joseph E. Mulvihill, Laura A. Reeds, Lawrence F. Carnevale, or John J. Walsh as no information has been provided concerning these individuals' credentials or the positions they held at the firm. *See Lochren*, 2010 WL 1207418, at *3; *cf. Green*, 2010 WL 148128, at *11.

| | | | |
|---|---|---|---|
| Joel R. Weiss | $150 | 2.20 | $ 330.00 |
| Charlotte A. Biblow | $250 | 5.20 | $ 1,300.00 |
| Christine M. Hogan | $150 | 7.60 | $ 1,140.00 |
| Domenique C. Moran | $250 | 32.60 | $ 8,150.00 |
| Aaron E. Zerykier | $150 | 107.15 | $ 16,072.50 |
| MA Leon[6] | $ 0 | | |
| Michael J. Healy | $150 | 37.50 | $ 5,625.00 |
| Patrick T. Collins | $250 | .80 | $ 200.00 |
| EM Miller | $ 0 | | |
| Michael A. Schoenberg | $150 | 7.40 | $ 1,110.00 |
| M Iannuzzi | $ 0 | | |
| George C. Pratt | $450 | 19.60 | $ 8,820.00 |
| Louis Vlahos | $250 | 13.90 | $ 3,475.00 |
| Robert C. Yan | $150 | 11.30 | $ 1,695.00 |
| David M. Curry | $150 | .40 | $ 60.00 |
| JC Koehler | $ 0 | | |
| William R. Anderson | $150 | .50 | $ 75.00 |
| Hillary A. Frommer | $150 | 22.00 | $ 3,300.00 |
| BN Roberts | $ 0 | | |
| J Ford | $ 0 | | |
| FM Fabiani | $ 0 | | |
| Andrew M. Scott | $150 | 3.18 | $ 477.00 |
| Kevin P. Mulry | $250 | 33.45 | $ 8,362.50 |
| Paralegals and Clerks | $100 | 6,797.25 | $ 679,725.00 |
| | | | |
| Subtotal: | | | $ 2,184,352.00 |
| | | | |
| Less fees expended in making fee petition[7]: | | | $ 15,935.00 |

_____

[6] The court will not award attorneys' fees for MA Leon, EM Miller, M Iannuzi, JC Koehler, BN Roberts, J Ford, FM Fabiani as no information has been provided concerning these individuals' credentials or the positions they held at the firm. *See Lochren*, 2010 WL 1207418, at *3; *cf. Green*, 2010 WL 148128, at *11.

[7] Because "a general provision for the shifting of attorneys' fees [in a contract] does not authorize an award of fees for time spent in seeking the fees themselves," *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1264 (2d Cir. 1987); *see Regan*, 768 F. Supp. 2d 412, 417 (E.D.N.Y. Mar. 14, 2011) (same), the undersigned will not award the following fees for hours expended in making this fee application:

| **Farrell Fritz Attorneys** | **Rates** | **Hours** | **Amount** |
|---|---|---|---|
| James M. Wicks | $425 | 10.20 | $ 4,335.00 |
| Franklin C. McRoberts | $300 | 27.50 | $ 8,250.00 |
| Paralegals and Clerks | $100 | 33.50 | $ 3,350.00 |

18

| | | | | |
|---|---|---|---|---|
| Subtotal: | | | $ | 2,168,417.00 |
| Less reduction of fee award for travel time[8]: | | | $ | 9,367.50 |
| Subtotal: | | | $ | 2,159,049.50 |
| Less 25% reduction: | | | $ | 539,762.37 |
| Total: | | | $ | 1,619,287.13 |

| **(d) DOAR Litigation Consultants** | **Rates** | **Hours** | **Amount** | |
|---|---|---|---|---|
| DOAR Consultants | $100 | 946.05 | $ | 94,605.00 |
| Less 25% reduction: | | | $ | 23,651.25 |
| Total: | | | $ | 70,953.75 |

| **(e) MSG Consultants** | **Rates** | **Hours** | **Amount** | |
|---|---|---|---|---|
| MSG Consultants | $100 | 97.10 | $ | 9,710.00 |
| Less 25% reduction: | | | $ | 2,427.50 |
| Total: | | | $ | 7,282.50 |

In sum, the fee amounts incurred by Carco's attorneys (and professionals) for legal services rendered total:  (a) $160,726.50 in attorneys' fees for Edward F. Cunningham, Esq.; (b) $16,265.63 in attorneys' fees for Carter Ledyard; (c) $1,619,287.13 in attorneys' fees for Farrell Fritz; (d) $70,953.75 in consultants' fees for DOAR; and (e) $7,282.50 in consultants' fees for MSG, for a total amount of $1,874,515.51 in attorneys' fees.  However, because under the facts of this case the benefit of this litigation does not reach far beyond the immediate action and there are no transcending principles involved, *see Regan*, 768 F. Supp. 2d at 418, the court further

_____

| | | | | |
|---|---|---|---|---|
| Total: | | | $ | 15,935.00 |

[8]Because courts in the Second Circuit regularly reduce attorneys' fees by fifty percent for travel time, *Pennacchio*, 2011 WL 2945825, at *1, the undersigned will reduce the award fees by fifty percent for the travel as follows:

| **Farrell Fritz Attorneys** | **Rates** | **Travel Rate** | **Hours** | **Amount** | |
|---|---|---|---|---|---|
| James M. Wicks | $425 | $212.50 | 17.40 | $ | 3,697.50 |
| Franklin C. McRoberts | $300 | $150.00 | 31.00 | $ | 4,650.00 |
| Paralegals and Clerks | $100 | $50 | 20.40 | $ | 1,020.00 |
| Total: | | | | $ | 9,367.50 |

reduces the total amount by an additional 20% to bring the fee award within the contours of the

the amount of damages awarded in this action, viz.--

| | |
|---|---|
| Total fee: | $1,874,515.51 |
| Less 20% reduction: | $  374,902.10 |
| Total fee award: | $1,499,613.41 |

Accordingly, based on the circumstances of this case and the court's familiarity with the

litigation, the court awards Carco attorneys' fees in the amount of $1,499,613.41.

**(B)**     **Attorneys' Costs and Disbursements**

The plaintiff also seeks costs and disbursements in the amount of  $466,020.38 for the

relevant time period.[9]  "Attorney's fees awards include those reasonable out-of-pocket expenses

incurred by attorneys and ordinarily charged to their clients."  *Field Day, LLC v. County of*

*Suffolk,* No. CV 04-2203 (DRH)(ETB), 2010 WL 5491025, at *8 (E.D.N.Y. Sept. 9, 2010)

(internal quotation marks and citations omitted); *see Larson v. JBC Legal Group, P.C.*, 588 F.

Supp. 2d 360, 365 (E.D.N.Y. 2008) ("Attorneys may be compensated for reasonable out-of-

pocket expenses incurred and customarily charged to their clients, as long as they were incidental

and necessary to the representation of those clients') (internal quotation marks and citations

omitted).  Court filing fees, process servers, printing and photocopying, messenger services,

postage, telephone costs, transcripts, travel, transportation, meals and other "[o]ut of pocket

litigation costs are generally recoverable if they are necessary for the representation of the client."

*AW Indus.,Inc. v. Sleep Well Mattress, Inc.*, No. 07-CV-3969 (SLT) (JMA), 2009 WL 485186 at

---

[9]This amount represents costs for Edward Cunningham in the amount of $13,760.99,
Carter Ledyard in the amount of $15,397.44, Farrell Fritz in the amount of $370,659.82 and
DOAR in the amount of $66,202.13. MSG Consultants did not bill Carco for any costs or
expenses.

*6 (E.D.N.Y. Feb. 26, 2009) (internal quotation marks and citation omitted); *Manzo v. Sovereign*

*Motor Cars, Ltd,* No. 08-CV-1229 (JG)(SMG), 2010 WL 1930237, at *10 (E.D.N.Y. May 11,

2010).  However, expenses which are associated with the attorneys' routine office overhead are

not recoverable.  *See Thorsen*, 2011 WL 1004862, at *6; *Manzo*, 2010 WL 1930237, at *11

(holding expenditure for trial binders, exhibits and supplies are non-compensable general office

overhead); *see also Pennacchio*, 2011 WL 2945825, at *2 (same).  "The fee applicant bears the

burden of adequately documenting and itemizing the costs requested."  *Pennacchio*, 2011 WL

2945825, at *3.

Plaintiffs and their respective counsel have submitted detailed records of court filing fees,

photocopying, scanning/file creation, printing and binding expenses, process service fees, travel

and meal fees, express mail, messenger service and postage fees, telephone and conference call

charges, and legal research, all of which are routinely recoverable as costs.  (Tannenbaum Decl.,

filed May 5, 2009, and attachments; Tannenbaum Decl., dated August 8, 2011, and attachments.)

However, the court excludes from Carco's requests:  (i) expenses in the amount of $35,431.73 in

"miscellaneous" and "other" charges, *see King v. JCS Enterprises, Inc.*, 325 F. Supp. 2d 162, 174

(E.D.N.Y. 2004) (declining to award costs for expenses not described or termed

"miscellaneous"); (ii) expenses in the amount of $7,425.92 for miscellaneous supplies, file

folders, binders, markers, highlighters, calendar services, expenses that are considered non-

compensable general office overhead, *see Manzo*, 2010 WL 1930237, at *11; and (iii) expenses

in the amount of $39,384.49 in charges listed for professional consulting fees, technical

consulting fees, technical support and professional services, and accounting/legal services, all of

which lack any detail concerning these expenses and, in any event, appear duplicative of

21

professional services fees awarded in the attorneys fee award, which included consultants' fees, *cf. Hirsch v. Sweet N Sour Corp.*, No. 10 Civ. 5605 (JSR)(JLC), 2011 WL 3741008, at *8 (S.D.N.Y. Aug. 25, 2011).

Finally, with respect to the costs that plaintiffs seek to recover for their trial technology consultants, DOAR, who prepared the lion's share of the trial graphics and provided technological equipment at trial, the court finds that Carco is entitled to reimbursement of that portion of the costs incurred solely at trial.  "The use of technology to improve the presentation of information to the jury and/or to the bench should be supported" and that "[c]omputers, computer graphics, digitized documents and other technological advancements have become important tools to the modern-day trial lawyer." *Dibella v. Hopkins*, 407 F. Supp. 2d 537, 540 (S.D.N.Y. 2005) ("blow-ups, digital presentations of scanned documents, and other computer graphics serve the same function as exhibits and other papers used at trial, and there is no logical reason to differentiate between the former and the latter in terms of their taxability as costs"). Thus, "[a]s long as the cost is reasonable and the devices aid in the efficient and effective presentation of evidence, a prevailing party should be allowed to recover their expense." *Id.*  In the instant matter, the computer technology and demonstrative graphics at trial were helpful to the bench in focusing on the salient documents and concepts and in aiding the efficient and effective presentation of evidence.  Thus, Carco is entitled to recover its reasonable costs incurred by its technology consultants at trial[10], to wit, media creation DVDs, equipment rentals

---

[10]The court declines to award expenses incurred prior to trial, including digital courtroom rentals, or the costs of the DOAR consultants' travel, meals, transportation or lodging charges. *Cf. Arlington Central School Dist. Board of Educ. v. Murphy*, 548 U.S. 291, 305 (2006).

for trial[11], trial boards and shipping, in the amount of $9,468.65.

     In summary, Carco is awarded costs as follows:

| | |
|---|---|
| Total costs incurred by counsel: | $399,818.25 |
| Less miscellaneous and other costs: | $ 35,431.73 |
| Subtotal: | $364,386.52 |
| Less overhead costs: | $ 7,425.92 |
| Subtotal: | $356,960.60 |
| Less professional services costs: | $ 39,384.49 |
| Subtotal: | $317,576.11 |
| Plus technology consultants' costs: | $ 9,468.65 |
| Total: | $327,044.76 |

     Accordingly, the court finds that Carco is entitled to these reasonable amounts and awards costs in the amount of $327,044.76.

**(C)**    **Prejudgment Interest**

     Carco seeks $1,150,565.83 for prejudgment interest on its attorneys' fees, costs and disbursement. Maconachy contends that plaintiffs are not entitled to prejudgment interest because the contractual agreements did not explicitly provide for recovery of interest on attorneys' fees and costs. The court agrees.

     Under New York law, "prejudgment interest is normally recoverable as a matter of right in an action at law for breach of contract." *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir. 1984); *see Lewis v. S.L. & E., Inc.,* 831 F.2d 37, 39-40 (2d Cir. 1987) (holding prejudgment interest is normally recoverable in a breach of fiduciary duty claim). However, absent an explicit contractual provision that the parties would be entitled to interest on payments made to its

---

[11]Carco seeks costs for a courtroom technology package for use in the courtroom which the court finds compensable, however, the court declines to award costs for a war room technology package for use at the Farrell Fritz Melville office during the same time period. Such costs do not directly assist the bench in the presentation of evidence and appear excessive.

attorneys during the course of the litigation, "such a term should not be inferred absent specific language clearly indicating that this was the parties' intent." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1267 (2d Cir. 1987); *see Ursa Minor Ltd. v. Aon Financial Prods., Inc.,* No. 00 CIV 2474 (AGS),2001 WL 1842042, at *9 (S.D.N.Y. May 30, 2001) ("interest may only be added to a contractual award of attorneys' fees if explicitly provided for in the agreement"). The pertinent contractual provision, Section 9.1 of the APA provides that Maconachy shall "indemnify, defend and hold [Carco] harmless [against] any and all losses, liabilities, damages, deficiencies, costs, or expenses (including interest, penalties, and reasonable attorney's fees and disbursements) . . . based on, arising out of, or otherwise due to any inaccuracy in or breach of any representation, warranty, covenant or agreement . . . contained in this Agreement or in any document or other writing delivered pursuant hereto." Although the APA provides for an award of interest on its damages, there is no specific language to indicate that Carco would be entitled to interest on its attorneys' fees; rather the placement of the provision for recovery of "interest" in the APA precedes the provision for attorneys' fees and disbursements. Under these circumstances, plaintiffs' request for prejudgment interest on the fee award must therefore be denied.

## CONCLUSION

For the foregoing reasons, Carco is awarded attorneys' fees in the amount of $1,499,613.41 and costs in the amount of $327,044.76, for a total award of $1,826,658.17. The Clerk of the Court is directed to enter an amended judgment to reflect this award. Upon entry of

this judgment, the Clerk of the Court shall close this case.


Dated: Central Islip, New York                    **SO ORDERED:**
   December 1, 2011

           _____/s/_____
           ARLENE R. LINDSAY
           United States Magistrate Judge